ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 APR 21 AM 11:49

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| KEITH D. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 310-092 |
| MRS. CHARLES WARREN, | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Plaintiff initially brought this case in the Waycross Division of this Court. The case was later transferred to the Dublin Division for venue purposes. (Doc. no. 3.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

Plaintiff names Mrs. Charles Warren[3] as the sole Defendant in this action. (Doc. no. 1, p. 1.) Plaintiff alleges that on September 18, 2009, he was driving on a highway near Eastman, Georgia, when Defendant, who was traveling in the opposite direction, negligently crossed over into his lane and struck Plaintiff's car. (Id. at 3.) Plaintiff maintains that he suffered cuts on his arm and stomach as a result of the collision, but he states that "no one was hurt physically bad." (Id.) Plaintiff also avers, without explanation, that the automobile accident caused him to lose "his freedom, his new home of 2 years, his family and his job and life as he knew it." (Id.) Plaintiff seeks to recover monetary damages for loss of wages, loss of property, and the mental and physical damages suffered by him and his daughters, who were in the car at the time of the accident.[4] (Id.)

## II. DISCUSSION

Plaintiff fails to state a claim under § 1983 because, at the time of the events alleged in Plaintiff's complaint, Defendant was not a person acting under color of state law such that she is subject to liability under § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a*

---

[3]Plaintiff initially indicated that Defendant's last name was Martin. However, in a simultaneously issued Order, the Court has granted Plaintiff's request to correct the docket to reflect that Defendant's last name is Warren.

[4]In one of the sections on the form Plaintiff used for his complaint, he appears to list his daughters as Plaintiffs in this case. (See doc. no. 1, pp. 2, 4.) However, as his daughters are minors and are not included in the caption of his complaint, the Court presumes that they are not Plaintiffs in this case.

2

*person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Defendant is the co-owner of a private business in Eastman, Georgia, which gives no indication that she possesses any special authority under state law. (Doc. no. 1, p. 4.) Indeed, there is nothing to suggest that Defendant's alleged actions described in the complaint involved the exercise of power possessed by virtue of state law. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

Furthermore, to the extent that Plaintiff may be attempting to assert any state law claims against Defendant, such as a negligence claim, those claims fail for lack of jurisdiction. This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In addition, federal district courts may exercise "diversity" jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, Plaintiff has failed to state a claim under § 1983, and diversity jurisdiction under § 1332(a) is lacking because Plaintiff has not shown that he and Defendant are citizens of different states. Accordingly, having determined that the claim serving as the basis for original federal court jurisdiction should be dismissed and that there is no diversity jurisdiction, the Court concludes that any state law claims that Plaintiff may be attempting to assert should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of April, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE